UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMPLOYERS MUTUAL CASUALTY
COMPANY

    Plaintiff,

v.

HELICON ASSOCIATES, INC., a Michigan corporation, ESTATE OF MICHAEL J. WITUCKI, in its capacity as successor in interest to Michael J. Witucki, a deceased individual, DR. CHARLES DREW ACADEMY, a Michigan public school academy, JEREMY GILLIAM, WELLS FARGO ADVANTAGE NATIONAL TAX FREE FUND, a series of the Delaware business trust known as the Wells Fargo Funds Trust, Delaware Business Trust, WELLS FARGO ADVANTAGE MUNICIPAL BOND FUND (in part as successor to the Wells Fargo Advantage National Tax-Free Fund), a series of the Delaware business trust known as the Wells Fargo Funds Trust, a Delaware business trust, LORD ABBETT MUNICIPAL INCOME TRUST-LORD ABBETT HIGH YIELD MUNICIPAL BOND FUND, a Delaware statutory trust, PIONEER MUNICIPAL HIGH INCOME ADVANTAGE TRUST, a Delaware statutory trust, by Pioneer Investment Management, Inc., its investment advisor,

    Defendants.

Case No.: 2:11-cv-13052-SJM-MJH

**MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

DAVIS & CERIANI, P.C.
Michael P. Cillo, Esq.
Valeri S. Pappas, Esq.
Scott W. Wilkinson
1350 17th Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 534-9000
email: mcillo@davisandceriani.com
       vpappas@davisandceriani.com
       swilkinson@davisandceriani.com

KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Michael J. Watza, Esq. (P38726)
One Woodward Ave., Suite 2400
Detroit, MI 48226-5485
Telephone: (313) 965-7986
email: mike.watza@kitch.com

Defendants Wells Fargo Funds Trust (on behalf of its series Wells Fargo Advantage Municipal Bond Fund as successor-in-interest to Wells Fargo Advantage National Tax Free Fund), Pioneer Municipal High Income Advantage Trust, and Lord Abbett Municipal Income Trust (on behalf of its series Lord Abbett High Yield Municipal Bond Fund) (collectively, the Funds), by and through their attorneys, Davis & Ceriani, P.C. and Kitch Drutchas Wagner Valitutti & Sherbrook, P.C., move to dismiss the declaratory judgment complaint filed by Plaintiff Employers Mutual Casualty Company ("EMC") for lack of subject matter jurisdiction and, in support, state as follows:

### CERTIFICATE OF COMPLIANCE WITH E. D. MICH. LR 7.1(A)

The undersigned has conferred with counsel for EMC concerning the relief sought herein. EMC opposes the same.

### INTRODUCTION

EMC's declaratory judgment action asks the Court to construe the rights and responsibilities of the parties under two insurance policies issued by EMC. Contract construction, however, is not a "federal question" so EMC has attempted to invoke the Court's subject matter jurisdiction by alleging that there is complete diversity of jurisdiction between EMC and the Defendants. There is not.

Defendant Wells Fargo Funds Trust is a statutory business trust. In June of last year, this Court stated that "[t]he citizenship of a trust is determined by the citizenship of **its trustees and its beneficiaries**." *JP Morgan Chase Bank, N.A. v. Century Truss Co. of Michigan, L.L.C.,* 10-CV-11877, 2010 WL 2556867, at *2 (E.D. Mich. June 22, 2010) (emphasis added). In reaching that conclusion, the Court relied upon *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007)—a 2007 Third Circuit decision which held that the citizenship of a

{00306993.DOCX; 6}   2

business trust, when suing in its own name (as the Wells Fargo Funds Trust was sued here) is that of its shareholders and its trustees. *Id.* at 205.

Applying *Emerald* here, Defendant Wells Fargo Funds Trust is a citizen of Iowa for the purposes of determining the Court's subject matter jurisdiction because it has beneficiaries/shareholders residing there. EMC is also a citizen of Iowa—a fact which destroys diversity jurisdiction under *Emerald* and 28 U.S.C. § 1332. As a result, EMC's Complaint must be dismissed for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

1. EMC filed its Complaint in this matter on July 14, 2011. (Docket No. 1).

2. EMC has attempted to invoke this Court's subject matter jurisdiction based exclusively on the alleged existence of diversity jurisdiction under 28 U.S.C. § 1332. (Docket No. 1 at ¶ 14).

3. EMC is a "corporation organized and existing under the laws of the State of Iowa, with its principal place of business located in Des Moines, Iowa." (Docket No. 1 at ¶ 3).

4. Defendant Wells Fargo Funds Trust (on behalf of its series Wells Fargo Advantage Municipal Bond Fund as successor-in-interest to Wells Fargo Advantage National Tax Free Fund) is a Delaware Statutory Business Trust. (Docket No. 1 at ¶¶ 8-9; Affidavit of Gilbert Southwell, attached hereto as Exhibit A (the "Southwell Affidavit")).

5. There is at least one beneficiary of the Wells Fargo Advantage Municipal Bond Fund (a series of the Wells Fargo Funds Trust and the successor in interest to the Wells Fargo Advantage National Tax Free Fund) residing in the State of Iowa. (Southwell Affidavit). [1]

---

[1] The Wells Fargo Funds Trust is not the only statutory business trust that EMC has named as a Defendant. EMC also named the Pioneer Municipal High Income Advantage Trust (a Delaware Statutory Trust) as a Defendant. This motion does not address the citizenship of the Pioneer

{00306993.DOCX; 6} 3

**STANDARD OF REVIEW**

Diversity jurisdiction exists only if there is complete diversity of citizenship between the parties. *CMPS Institute, LLC v. MMG II, LLC,* 521 F.Supp.2d 616, 617 (E.D. Mich. 2007). Complete diversity of citizenship exists only if no defendant holds citizenship in the same state where a plaintiff holds citizenship. *Id.* If, at any time during the course of an action, a court determines that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see also Dekoven v. Bell,* 140 F.Supp.2d 748, 752 (E.D. Mich. 2001).

As the party invoking the Court's jurisdiction, EMC has the burden of establishing subject matter jurisdiction. *See, e.g., RE/MAX Intern., Inc. v. Realty One, Inc.,* 271 F.3d 633, 641 (6th Cir. 2001) (citing *Serras v. First Tenn. Bank Nat'l Ass'n,* 875 F.2d 1212, 1214 (6th Cir. 1989)) ("The party seeking to invoke the subject matter jurisdiction of the district court bears the burden of showing that the matter is properly before that court."); *see also Gorodetsky v. U.S.,* No. 08–mc–50341, 2008 WL 4449853, at *2 (E.D. Mich. October 1, 2008) ("The burden of establishing subject-matter jurisdiction of the federal court lies with the party seeking to invoke

---

Municipal High Income Advantage Trust (and its shareholders/beneficiaries) because the existence of beneficiaries of the Wells Fargo Funds Trust residing in Iowa is independently sufficient to demonstrate a lack of subject matter jurisdiction over EMC's claims. However, it is possible that the Pioneer Municipal High Income Advantage Trust (a closed-end fund traded on the NYSE under the ticker symbol MAV) also has beneficial shareholders residing in Iowa.

Moreover, this motion also does not address the citizenship of the shareholders of the Lord Abbett High Yield Municipal Bond Fund, a series of the Lord Abbett Municipal Income Trust, a Delaware Statutory Trust ("Lord Abbett High Yield (DE)"). All of the assets of Lord Abbett High Yield (DE) were acquired on or about November 19, 2010 by Lord Abbett High Yield Municipal Bond Fund ("Lord Abbett High Yield (MD)"), a series of the Lord Abbett Municipal Income Fund, Inc., a Maryland corporation, and municipal bond mutual fund. Thus, were this action to continue, EMC would likely amend its Complaint to substitute Lord Abbett High Yield (MD) as a Defendant in place of Lord Abbett High Yield (DE). By focusing on the citizenship of the Wells Fargo Funds Trust, the Funds have eliminated the need for the Court or the parties to address the identity of the correct Lord Abbett Defendant or the jurisdictional impact of EMC's naming Lord Abbett High Yield (DE) in its Complaint instead of Lord Abbett High Yield (MD).

{00306993.DOCX; 6}                                4

the court's jurisdiction, in this case petitioners."). It is not the responsibility of the party challenging jurisdiction to prove that jurisdiction does not exist. *See, e.g., Moir v. Greater Cleveland Reg'l. Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990) ("Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."); *State Auto Fin. Acquisition Corp. v. State Auto. Mut. Ins. Co.,* 289 F.Supp.2d 906, 909 (S.D. Ohio 2003) ("With a motion to dismiss pursuant to Rule 12(b)(1), the moving party is challenging the court's subject matter jurisdiction. The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction."). To the contrary, as a court of limited jurisdiction, the Court is presumed to lack subject matter jurisdiction over EMC's claims until jurisdiction is affirmatively established:

> The Court begins from the premise that it must always be suspicious of its subject-matter jurisdiction. The federal courts are courts of limited jurisdiction, and there is no presumption that they have subject matter jurisdiction to adjudicate a particular case. Indeed, *until the court's jurisdiction is demonstrated, the converse is true.* A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power. Accordingly, there is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it.

*Martin v. Wal-Mart Stores, Inc.,* 708 F.Supp.2d 345, 346 (D.N.J. 2010) (internal citations and quotations omitted, italic emphasis in original); *accord Boone v. Comcast/Verison,* No. 3:10–CV–144, 2011 WL 1258050, at *3 (E.D. Tenn. March 31, 2011) ("Subject matter may *not* be presumed. To the contrary, federal courts presume a *lack* of subject matter jurisdiction until the party asserting jurisdiction proves otherwise.") (internal citations omitted, emphasis in original).

## ARGUMENT

**EMC's Complaint must be dismissed for lack of subject matter (diversity) jurisdiction.**

The first step in evaluating the Court's subject matter jurisdiction in this case is recognizing that the Defendants are not all corporate entities—meaning traditional rules for evaluating corporate citizenship do not apply. Defendant Wells Fargo Funds Trust, on behalf of its series Wells Fargo Advantage Municipal Bond Fund as successor-in-interest to Wells Fargo Advantage National Tax Free Fund ("Wells Fargo")—is a Delaware Statutory Trust. Delaware Statutory Trusts are unincorporated business associations created under Delaware law. Del. Code. Ann. tit. 12, § 3801(g). As a result, Wells Fargo's citizenship is evaluated under the rubric applicable to unincorporated business associations.

Generally, for the purposes of diversity jurisdiction, an unincorporated business association takes the citizenship of all its members. *Chapman v. Barney*, 129 U.S. 677, 681-82 (1889); *see also C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (Diversity jurisdiction in a suit by or against an artificial entity depends on the citizenship of "all the members."). The United States Supreme Court addressed the citizenship of business trusts in particular in *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980). In *Navarro*, the Court held that when the trustees of a business trust bring suit in their own names (instead of in the name of the trust, as Wells Fargo was sued here), then the citizenship of the trustees controls for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332. *Navarro*, 446 U.S. at 465-66. Ten years later, in *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990), the Supreme Court limited its holding in *Navarro* to the facts of that case. In *Carden*—a case dealing with the citizenship of a limited partnership—the Court noted that *Navarro* concerned whether trustees of a business trust were real parties in interest who could sue in their own names, and "had nothing to do with the

citizenship of the trust." *Id.* at 192-93. Thus*, Carden* recognized that *Navarro* is inapplicable in a case such as this one where the Defendant business trust—Wells Fargo—has been sued in its own name. *Id.* at 1019-20.

Only two United States Circuit Courts have considered how the holding in *Carden*—that the citizenship of an unincorporated association is that of all of its members—applies when a business trust brings suit in its own name. Both the Third and Eleventh Circuits concluded that, under *Carden*, the citizenship of a business trust sued in its own name (as Wells Fargo was here) is that of all of the trustees **and** beneficiaries of the trust. *See Emerald*, 492 F.3d at 205; *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334, 1339 (11th Cir. 2002), *abrogated in part on other grounds by Instituto De Prevision Militar v. Merrill Lynch,* 546 F.3d 1340 (11th Cir. 2008). *Emerald* has since been specifically adopted by this Court. *JP Morgan Chase Bank, N.A. v. Century Truss Co. of Michigan, L.L.C.,* 10-CV-11877, 2010 WL 2556867, at *2 (E.D. Mich. June 22, 2010) ("[T]he citizenship of a trust is determined by the citizenship of **its trustees and its beneficiaries***."* (emphasis added)); *accord 1963 Jackson, Inc. v. De Vos*, No. 1:10-01206-STA-dkv, 2010 WL 5093354, at *3 (W.D. Tenn. October 8, 2010) (stating that as of 2010, "[t]he sixth circuit has not yet addressed the issue of diversity jurisdiction when the trust itself is a named party in the suit," and that, "The most persuasive authority comes from the Third Circuit's holding in *Emerald Investors Trust*.").

Here, Wells Fargo has beneficiaries residing in the State of Iowa. (Southwell Affidavit at ¶ 6). Thus, under *Emerald, Riley* and *JP Morgan* Wells Fargo is an Iowa citizen. *See Emerald*, 492 F.3d at 205; *Riley*, 292 F.3d at 1339; *JP Morgan*, 2010 WL 2556867 at *2. EMC is incorporated in Iowa and, therefore, is also a citizen of Iowa. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("[A] corporation's citizenship derives, for diversity jurisdiction purposes,

from its State of incorporation and principal place of business."). Where there is not complete diversity of citizenship between the Defendants and EMC—and EMC has not alleged any other basis for invoking this Court's jurisdiction—this action must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Dekoven v. Bell,* 140 F.Supp.2d 748, 752 (E.D. Mich. 2001).

**EMC's assertion of a declaratory judgment claim under the federal Declaratory Judgment Act is insufficient to establish federal question jurisdiction under 28 U.S.C. § 1331.**

In the absence of diversity jurisdiction, EMC must establish that a federal question exists if it wishes to continue to pursue its claims before this Court. *See, e.g., Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). EMC may attempt to argue that a federal question exists merely because EMC has asserted a claim under the federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*, hereinafter, the "Act"). Not so.

Federal courts have repeatedly recognized that the mere assertion of a declaratory judgment claim under the Act is not sufficient to establish federal question jurisdiction. *See, e.g., Heydon v. MediaOne of Southeast Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) ("Based on well-settled law, the [plaintiff] cannot use the Declaratory Judgment Act to serve as a basis for federal subject matter jurisdiction."). Instead, before invoking the Act, a federal court **"must already have jurisdiction on some independent basis**." *Kreinberg v. Dow Chemical Co.,* No. 07-13235-BC, 2007 WL 2782060, at *7 (E.D. Mich. September 24, 2007) (emphasis added); *see also Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007) ("Before invoking the Act, however, a federal court must have jurisdiction already under some other federal statute.") (internal quotation omitted); *Maftoum v. Chavez,* No. 07-CV-12819, 2007 WL 3203850, at *2 (E.D. Mich. Oct. 31, 2007) ("[T]he Declaratory Judgment Act does not provide an independent basis

for subject matter jurisdiction. Prior to invoking the Declaratory Judgment Act, a federal court must have jurisdiction under another federal statute.") (internal citation omitted).

Here, EMC's Complaint simply asks the Court to interpret the insurance contracts issued by EMC. Contract interpretation is a matter of state law that does not invoke or implicate any federal question. *See, e.g., Hartford Cas. Ins. Co. v. TRE Services, Inc.,* No. 09-14634, 2011 WL 124496, at *5 (E.D. Mich. Jan. 14, 2011) ("[I]nsurance contract interpretation is a question of state law with which state courts are more familiar and, therefore, better able to resolve."). As such, EMC cannot establish federal question jurisdiction independent of the Act and, pursuant to the cases cited above, EMC's Complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Under the *Emerald* line of authority—as adopted by this Court in *JP Morgan*—Wells Fargo is considered a citizen of Iowa. EMC is also a citizen of Iowa. As a result, there is not complete diversity sufficient to confer jurisdiction upon the Court under 28 U.S.C. § 1332. EMC's state law contract interpretation claims similarly fail to state a federal question sufficient to confer jurisdiction under 28 U.S.C. § 1331. Where EMC has failed to establish a basis for the Court to invoke its jurisdiction, EMC's Complaint must be dismissed.

WHEREFORE, the Funds respectfully request that this Court dismiss EMC's Complaint without prejudice for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED this 7th day of September, 2011.

Respectfully submitted,

By: *s/Scott W. Wilkinson*
Michael P. Cillo, Esq.
Valeri S. Pappas, Esq.
Scott W. Wilkinson, Esq.
Davis and Ceriani, P.C.
1350 Seventeenth Street, Suite 400
Denver, CO  80202
(303) 534-9000

By: *s/Michael J. Watza*
Michael J. Watza, Esq. (P38726)
Robert T. Kent, Esq. (P71897)
Kitch Drutchas Wagner Valitutti & Sherbrook, P.C.
One Woodward Avenue, Suite 2400
Detroit, MI 48226-5485
(313) 965-7986

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2011, a true and correct copy of the foregoing was served via CM/ECF addressed to the following:

Christopher P. Jelinek
Megan K. Cavanagh
Garan Lucow Miller, P.C.
1000 Woodbridge
Detrioit, MI 48207

s/Anna K. Cillo