# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EMPLOYERS MUTUAL CASUALTY COMPANY

    Plaintiff,

v.

HELICON ASSOCIATES, INC., a Michigan corporation, ESTATE OF MICHAEL J. WITUCKI, in its capacity as successor in interest to Michael J. Witucki, a deceased individual, DR. CHARLES DREW ACADEMY, a Michigan public school academy, JEREMY GILLIAM, WELLS FARGO ADVANTAGE NATIONAL TAX FREE FUND, a series of the Delaware business trust known as the Wells Fargo Funds Trust, Delaware Business Trust, WELLS FARGO ADVANTAGE MUNICIPAL BOND FUND (in part as successor to the Wells Fargo Advantage National Tax-Free Fund), a series of the Delaware business trust known as the Wells Fargo Funds Trust, a Delaware business trust, LORD ABBETT MUNICIPAL INCOME TRUST-LORD ABBETT HIGH YIELD MUNICIPAL BOND FUND, a Delaware statutory trust, PIONEER MUNICIPAL HIGH INCOME ADVANTAGE TRUST, a Delaware statutory trust, by Pioneer Investment Management, Inc., its investment advisor,

    Defendants.

Case No.: 2:11-cv-13052-SJM-MJH

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

| | |
|---|---|
| DAVIS & CERIANI, P.C.<br>Michael P. Cillo, Esq.<br>Valeri S. Pappas, Esq.<br>Scott W. Wilkinson<br>1350 17th Street, Suite 400<br>Denver, Colorado 80202<br>Telephone: (303) 534-9000<br>email: mcillo@davisandceriani.com<br>    vpappas@davisandceriani.com<br>    swilkinson@davisandceriani.com | KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK<br>Michael J. Watza, Esq. (P38726)<br>One Woodward Ave., Suite 2400<br>Detroit, MI 48226-5485<br>Telephone: (313) 965-7986<br>email: mike.watza@kitch.com |

{00314610.DOCX; 3}

The Defendant Funds hereby submit their Reply in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and, in support, state as follows:

## **REPLY**

The issue before the Court is the citizenship of a statutory business trust for diversity purposes. If a business trust takes on the citizenship of all its members (including its beneficiaries), then EMC's Complaint must be dismissed for lack of subject matter (diversity) jurisdiction.

There are two United States Supreme Court decisions which bear upon the Court's analysis. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980) held that, when the trustee of a business trust brings suit in his or her own name, the citizenship of the trustee controls for determining the existence of diversity jurisdiction. *C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 191-92 (1990) clarified *Navarro*, saying that *Navarro* had nothing to do with the citizenship of the business trust itself if the trust is sued (or brings suit) in its own name. *Carden* reaffirmed the rule that only corporations are permitted to have their own citizenship and that all other unincorporated associations take on the citizenship of all their members. *Id.* at 195-96.

Since a business trust has both trustees and beneficiaries, determining its citizenship requires an approach that harmonizes both *Navarro* and *Carden*. Those courts that have undertaken a detailed analysis of how *Navarro* and *Carden* apply to business trusts have uniformly held that a statutory business trust, when sued or bringing suit in its own name, has the citizenship of all of its trustees and beneficiaries. *See, e.g., Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 205 (3d Cir. 2007) (For diversity purposes, "citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust."); *Riley v. Merrill Lynch, Pierce, Fenner & Smith*, 292 F.3d 1334, 1339 (11th Cir. 2002),

*abrogated in part on other grounds by Instituto De Prevision Militar v. Merrill Lynch,* 546 F.3d 1340 (11th Cir. 2008).[1]

EMC would have the Court ignore the detailed reasoning of *Emerald* and its siblings in favor of sound bites from cases with no reasoning or analysis at all. EMC claims that the Second, Fifth, Sixth, Seventh and Ninth Circuits all hold that the citizenship of a business trust is only that of its Trustees. However, each of the cases EMC cites in support of this conclusion contains only a single conclusory sentence that is some variation of "[a] trust has the citizenship of its trustee or trustees. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464, 100 S.Ct. 1779, 64

---

[1] This Court has previously cited *Emerald* for the exact point at issue here. *JP Morgan Chase Bank, N.A. v. Century Truss Co. of Michigan, L.L.C.,* No. 10-CV-11877, 2010 WL 2556867, at *2 (E.D. Mich. June 22, 2010) ("The citizenship of a trust is determined by the citizenship of its trustees and its beneficiaries.*"*). Other Sixth Circuit courts have agreed that *Emerald* is the most persuasive authority on point. *1963 Jackson, Inc. v. De Vos*, No. 1:10-01206-STA-dkv, 2010 WL 5093354, at *3 (W.D. Tenn. Oct. 8, 2010) (stating that as of 2010, the sixth circuit has not yet addressed the issue and that the most persuasive authority is *Emerald*). A number of other courts have reached similar conclusions to *Emerald* without the same level of reasoning. *See, e.g., San Juan Basin Royalty Trust v. Burlington Resources Oil & Gas,* 588 F.Supp.2d 1274, 1280-81 (D. N.M. 2008) (trust has citizenship of its beneficiaries); *Bergeron ex rel. v. Ridgewood Elec. Power Trust,* No. 07-10622-RGS, 2007 WL 1959209, at *2 (D. Mass. July 5, 2007) (looking to citizenship of beneficiaries, citing *Emerald*); *FMAC Loan Receivable Trust v. Strauss,* No. 03 Civ. 2190(LAK), 2003 WL 1888673, at * 1 (S.D.N.Y. April 14, 2003) (requiring citizenship of all members, beneficiaries and shareholders of business trust to be pled to establish diversity, citing *Riley*); *Arias v. Budget Truck Trust I,* No. 09 Civ. 0774(BMC), 2009 WL 604864, at *1 (E.D.N.Y. Mar. 5, 2009) (business trust has citizenship of each of its partners, members or beneficiaries, citing *Emerald*); *PDP La Mesa LLC v. LaSalle Med. Office Fund II*, No. 10CV1536 DMS (RBB), 2010 WL 3988598, at * 2-3 (S.D. Cal. Oct. 12, 2010) (adopting *Emerald* rule and distinguishing *Johnson*, the 9th Circuit case EMC relies upon in its Response). All told, variations of the *Emerald* rule have been applied in the First, Second, Third, Sixth, Ninth, Tenth and Eleventh Circuits. These decisions call into question EMC's efforts to categorize *Emerald* as espousing a "minority" rule. (Resp. 8-9.) To the contrary, it would seem that the majority of courts that have actually examined the issue (as opposed to those who relied upon sound bite citation of *Navarro* as distinguished herein) have reached a conclusion in line with *Emerald*.

L.Ed.2d 425 (1980)." *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (citation to *Navarro* in original).[2]

*Johnson, Squibb, Grede, Mullins and Homfeld* have little to no persuasive value since they fail to set forth any reasoning or analysis in support of the conclusory statements that EMC relies upon.[3] However, *Johnson, Squibb, Grede, Mullins and Homfeld* are more fundamentally flawed because they incorrectly assume that *Navarro* stands for the proposition that the citizenship of a business trust is that of its trustee. *Carden* proved that assumption false. *Carden* clarified that *Navarro* had "nothing to do" with the citizenship of the trust itself:

> [Respondent] claims to have found another exception to our *Chapman* tradition in *Navarro Savings Assn. v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). That case, however, did not involve the question whether a party that is an artificial entity other than a corporation can be considered a "citizen" of a State, but the quite separate question whether parties that were undoubted "citizens" (viz., natural persons) were the real parties to the controversy. The plaintiffs in *Navarro* were eight individual trustees of a Massachusetts business trust, suing in their own names. The defendant, Navarro Savings Association, disputed the existence of complete diversity, claiming that the trust beneficiaries rather than the trustees were the real parties to the controversy, and that the citizenship of the former and not the latter should therefore control. In the course of rejecting this claim, we did indeed discuss the characteristics of a Massachusetts business trust-not at all, however, for the purpose of determining whether the trust had attributes making it a "citizen," but only for the purpose of

---

[2] *See also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 931 (2d Cir. 1998) ("The second possibility concerns trusts, as to which the Supreme Court has deemed the citizenship of the trustees to be determinative.") (citing *Navarro*); *Grede v. Bank of New York Mellon,* 598 F.3d 899, 901 (7th Cir. 2010) ("Assignment to a trust could be designed to take advantage of the rule that a trust's citizenship is that of the trustee, rather than the beneficiaries for the purpose of 28 U.S.C. § 1332(a).") (citing *Navarro*); *Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 397 n.6 (5th Cir. 2009) (citing to *Navarro* in a footnote with the parenthetical note that the "citizenship of a trust is that of its trustee"); *Homfeld II, L.L.C v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (unpublished decision citing *Navarro* for the statement that "a business trust has the citizenship of its trustees.").

[3] *Gamble v. Ohio Dept. of Job and Family Serv.,* No. 1:03-CV-452, 2006 WL 38996, at *16 n. 36 (S.D. Ohio January 5, 2006) (acknowledging the existence of a holding in another circuit but noting, "Unfortunately, there is no analysis of this holding."); *see also Railey v. Webb,* 540 F.3d 393, 414-15 (6th Cir. 2008) (recognizing that the presumptive merit of decisions from other jurisdictions arises from "the thoughtful consideration of our fellow judges").

> establishing that the respondents were "active trustees whose control over the assets held in their names is real and substantial," thereby bringing them under the rule, "more than 150 years" old, which permits such trustees "to sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id.,* at 465-466, 100 S.Ct., at 1784. *Navarro,* in short, has nothing to do with the *Chapman* question, except that it makes available to respondent the argument by analogy that, just as business reality is taken into account for purposes of determining whether a trustee is the real party to the controversy, so also it should be taken into account for purposes of determining whether an artificial entity is a citizen. That argument is, to put it mildly, less than compelling.

*C.T. Carden v. Arkoma Assoc.*, 494 U.S. 185, 191-92 (1990). This language from *Carden* undermines all of the cases that EMC cites[4] and is precisely why those courts that have actually analyzed the interaction between *Navarro* and *Carden* have concluded that a business trust that is suing (or being sued) in its own name takes on the citizenship of all its trustees **and** beneficiaries. *Supra* at pp. 1-2.

The Court's limited jurisdiction makes EMC's invitation to disregard the well-reasoned holdings of *Emerald* and its siblings a dangerous one. Moving forward on the basis of questionable jurisdiction places the validity of the proceedings at risk. At best, EMC has

---

[4] The defective reasoning behind *Johnson, Squibb, Grede, Mullins and Homfeld* also extends to *General Retirement System of the City of Detroit v. UBS,* No. 10-CV-13920, 2010 WL 5296957 (E.D. Mich. Dec. 20, 2010) because the Court's decision in that case is based on the same misreading of *Navarro*. *General Retirement* is further flawed because it assumes, without proving, that the trustee of the trust will always be the party with complete discretion over the trust's management (and, therefore, the real party in interest with respect to any suit brought by the trust). *Id.* at *4. *Emerald* recognizes that reality is much more complex as each trust may allocate varying degrees of control between the trustees and the beneficiaries. If citizenship were truly dependent upon control, the Court would be required to conduct an *ad hoc* factual examination of the trustee's control in every case that a business trust is a named in. *Emerald* correctly recognized that such rule leads to uncertainty and imposes an unworkable burden on the Court and litigants. *Emerald*, 492 F.3d at 202-03. Finally, EMC's reliance on *General Retirement* is also inappropriate because that case bases its holding on the degree of control possessed by the trustee. EMC failed to even identify the trustees of the Defendant Funds in its Complaint, let alone allege any facts concerning the degree of control the trustees possess. Thus, even if *General Retirement* were controlling (and it's not), EMC still failed to meet its burden of adequately alleging subject matter jurisdiction. *See, e.g., RE/MAX Intern., Inc. v. Realty One, Inc.,* 271 F.3d 633, 641 (6th Cir. 2001) (burden of establishing jurisdiction falls on the party invoking the same).

demonstrated that there may be disagreement between Circuits over the citizenship of business trusts. Any disagreement that may exist creates doubt—because ultimately only one rule can prevail—and any doubt must be resolved in favor of dismissal.[5]

As a final matter, EMC's entire discussion of its declaratory judgment claim is moot. The mere assertion of a declaratory judgment claim under the Federal Declaratory Judgment Act (the "Act") does not create federal question jurisdiction under 28 U.S.C. § 1331. (Mot. 8-9.) Before invoking the Act, the Court must have an independent basis for exercising subject matter jurisdiction. (*Id.*) EMC does not deny this is the law and offers no jurisdictional hook other than the failed attempt at diversity addressed above. As such, EMC's eight-page discussion of abstention is irrelevant.

## **CONCLUSION**

The Funds respectfully request that EMC's Complaint be dismissed without prejudice for the reasons set forth herein and in the Funds' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

RESPECTFULLY SUBMITTED this 28th day of October, 2011.

| | |
|---|---|
| By: *s/Scott W. Wilkinson* | By: *s/Michael J. Watza* |
| Michael P. Cillo, Esq. | Michael J. Watza, Esq. (P38726) |
| Valeri S. Pappas, Esq. | Robert T. Kent, Esq. (P71897) |
| Scott W. Wilkinson, Esq. | Kitch Drutchas Wagner Valitutti & Sherbrook, P.C. |
| Davis and Ceriani, P.C. | One Woodward Avenue, Suite 2400 |
| 1350 Seventeenth Street, Suite 400 | Detroit, MI 48226-5485 |
| Denver, CO  80202 | (313) 965-7986 |
| (303) 534-9000 | |

---

[5] *Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 549-50 (6th Cir. 2006) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand.").

## CERTIFICATE OF SERVICE

     I hereby certify that on the 28th day of October, 2011, a true and correct copy of the foregoing was served via CM/ECF, addressed to the following:

Christopher P. Jelinek
Megan K. Cavanagh
Garan Lucow Miller, P.C.
1000 Woodbridge
Detroit, MI 48207

Richard J. Landau
RJ Landau Partners PLLC
5340 Plymouth Road, Suite 200
Ann Arbor, MI 48105

                                                                  s/Linda S .Burch