UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMPLOYERS MUTUAL CASUALTY COMPANY,

    Plaintiff

vs.                                                     Case No.: 2:11-cv-13052

HELICON ASSOCIATES, INC., a Michigan        Honorable Steven J. Murphy
corporation, ESTATE OF MICHAEL J. WITUCKI,
in its capacity as successor in interest to Michael
J. Witucki, a deceased individual, JEREMY GILLIAM,
WELLS FARGO ADVANTAGE NATIONAL TAX
FREE FUND, a series of the Delaware business trust
known as the Wells Fargo Funds Trust, Delaware
Business Trust, WELLS FARGO ADVANTAGE
MUNICIPAL BOND FUND (in part as successor to the
Wells Fargo Advantage National Tax-Free Fund),
a series of the Delaware business trust known as the
Wells Fargo Funds Trust, a Delaware business trust,
LORD, ABBETT MUNICIPAL INCOME TRUST - LORD
ABBETT HIGH YIELD MUNICIPAL BOND FUND,
a Delaware statutory trust, PIONEER MUNICIPAL HIGH
INCOME ADVANTAGE, a Massachusetts business trust,
by Pioneer Investment Management, Inc., its investment advisor,

    Defendants.
_____/

| | |
|---|---|
| CHRISTOPHER P. JELINEK (P53543) | Richard J. Landau (P42223) |
| MEGAN K. CAVANAGH (P61978) | RJ LANDAU PARTNERS PLLC |
| Garan Lucow Miller, P.C. | Attorney for Drew Academy |
| Attorney for Plaintiff | 5340 Plymouth Road, Suite 200 |
| 1000 Woodbridge | Ann Arbor, MI 48105 |
| Detroit, MI 48207 | (734) 865-1580 |
| (313) 446-5554 | rjlandau@rjlps.com |
| cjelinek@garanlucow.com | |
| | |
| DAVIS & CERIANI, P.C. | KITCH DRUTCHAS WAGNER |
| Michael P. Cillo, Esq. | VALITUTTI & SHERBROOK |
| Valeri S. Pappas, Esq. | Michael J. Watza, Esq. (P38726) |
| Scott W. Wilkinson | One Woodward Ave., Suite 2400 |
| 1350 17th Street, Suite 400 | Detroit, MI 48226-5485 |
| Denver, Colorado 80202 | (313) 965-7986 |
| (303) 534-9000 | mike.watza@kitch.com |
| mcillo@davisandceriani.com | |
| vpappas@davisandceriani.com | |
| swilkinson@davisandceriani.com | |

Box at right: **Plaintiff's Response to Defendant Drew Academy's Motion to Dismiss or Stay Plaintiff's Complaint**

**PLAINTIFF EMPLOYERS MUTUAL CASUALTY COMPANY'S RESPONSE TO DEFENDANT DREW ACADEMY'S MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT**

NOW COMES, Plaintiff, EMPLOYERS MUTUAL CASUALTY COMPANY, by and through its attorneys, GARAN LUCOW MILLER P.C., and, for the reasons stated in the accompanying brief in support, opposes Defendant Drew Academy's Motion to Dismiss or Stay Plaintiff's Complaint.

        Respectfully submitted,

        GARAN LUCOW MILLER, P.C.

        s/ Christopher P. Jelinek
        CHRISTOPHER P. JELINEK (P53543)
        Attorney for Plaintiff
        1000 Woodbridge
        Detroit, MI 48207
        (313) 446-5554
        cjelinek@garanlucow.com
        P53543

Dated: November 4, 2011
984169.1

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMPLOYERS MUTUAL CASUALTY COMPANY,

      Plaintiff

vs.                                                                                                  Case No.: 2:11-cv-13052

HELICON ASSOCIATES, INC., a Michigan                       Honorable Steven J. Murphy
corporation, ESTATE OF MICHAEL J. WITUCKI,
in its capacity as successor in interest to Michael
J. Witucki, a deceased individual, JEREMY GILLIAM,
WELLS FARGO ADVANTAGE NATIONAL TAX
FREE FUND, a series of the Delaware business trust
known as the Wells Fargo Funds Trust, Delaware
Business Trust, WELLS FARGO ADVANTAGE
MUNICIPAL BOND FUND (in part as successor to the
Wells Fargo Advantage National Tax-Free Fund),
a series of the Delaware business trust known as the
Wells Fargo Funds Trust, a Delaware business trust,
LORD, ABBETT MUNICIPAL INCOME TRUST - LORD
ABBETT HIGH YIELD MUNICIPAL BOND FUND,
a Delaware statutory trust, PIONEER MUNICIPAL HIGH
INCOME ADVANTAGE, a Massachusetts business trust,
by Pioneer Investment Management, Inc., its investment advisor,

      Defendants.
_____/

> **Brief in Support of Plaintiff's Response to Defendant Drew Academy's Motion to Dismiss or Stay Plaintiff's Complaint**

| | |
|---|---|
| CHRISTOPHER P. JELINEK (P53543)<br>MEGAN K. CAVANAGH (P61978)<br>Garan Lucow Miller, P.C.<br>Attorney for Plaintiff<br>1000 Woodbridge<br>Detroit, MI 48207<br>(313) 446-5554<br>cjelinek@garanlucow.com | Richard J. Landau (P42223)<br>RJ LANDAU PARTNERS PLLC<br>Attorney for Drew Academy<br>5340 Plymouth Road, Suite 200<br>Ann Arbor, MI 48105<br>(734) 865-1580<br>rjlandau@rjlps.com |
| DAVIS & CERIANI, P.C.<br>Michael P. Cillo, Esq.<br>Valeri S. Pappas, Esq.<br>Scott W. Wilkinson<br>1350 17th Street, Suite 400<br>Denver, Colorado 80202<br>(303) 534-9000<br>mcillo@davisandceriani.com<br>vpappas@davisandceriani.com<br>swilkinson@davisandceriani.com | KITCH DRUTCHAS WAGNER<br>VALITUTTI & SHERBROOK<br>Michael J. Watza, Esq. (P38726)<br>One Woodward Ave., Suite 2400<br>Detroit, MI 48226-5485<br>(313) 965-7986<br>mike.watza@kitch.com |

## **TABLE OF CONTENTS**

 **Page**

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Concise Statement of Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Controlling or Most Appropriate Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Factual Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

 I. This Court Should Exercise its Discretion under 28 U.S.C. §2201 to Decide this Declaratory Judgment Action. . . . . . . . . . . . . . . . . 3

  A. Settlement of the Controversy. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

  B. Clarification of the Legal Relations at Issue. . . . . . . . . . . . . . . . . . 7

  C. Race for Res Judicata. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

  D. Increased Friction Between Federal and State Courts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

  E. Availability of Alternative Remedy. . . . . . . . . . . . . . . . . . . . . . . . 9

 II. A Stay of this Declaratory Judgment Action Is Not Warranted. . . . . . . . 10

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Certificate of Service

# INDEX OF AUTHORITIES

**Page**

**Cases**

*American Bumper & Mfg Co v. Nat'l Union Fire Ins Co,*
   261 Mich. App. 367; 683 NW2d 161 (2004). . . . . . . . . . . . . . . . . . . . . . . . 5

*Auto Club Group Ins Co v. Burchell,*
   249 Mich. App. 468; 642 NW2d 406 (2002). . . . . . . . . . . . . . . . . . . . . . . . 6

*Bituminous Cas. Corp. v. J&L Lumber Co.,*
   373 F.3d 807 (6th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8

*Grand Trunk W. R.R. Co. v. Consol. Rail Co.,*
   746 F.2d 323 (6th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Northland Ins. Co. v. Stewart Title Guar. Co.,*
   327 F.3d 448 (6th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Scottsdale Ins. Co. v. Flowers,*
   513 F.3d 546 (6th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7-9

*State Farm Fire & Cas. Co. v. Odom,*
   799 F.2d 247 (6th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wilton v. Seven Falls Co.,*
   515 U.S. 277; 115 S.Ct. 2137; 132 L.Ed.2d 214 (1995). . . . . . . . . . . . . . 3, 8

**Statutes / Court Rules / Other Authorities**

28 U.S.C. §1332. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. §2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii, 2, 3

ii

## **CONCISE STATEMENT OF ISSUE PRESENTED**

I. Whether this Court should exercise jurisdiction in this matter pursuant to 28 U.S.C. §2201.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

28 U.S.C. § 2201

*Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 554 (6th Cir. 2008)

**FACTUAL BACKGROUND**

Employers Mutual Casualty Company (EMC) initiated this action seeking a declaration of the rights and responsibilities of the parties under four policies of insurance issued by EMC to Defendant, Helicon Associates, Inc. ("Helicon")[1] The basis for the instant action arose by virtue of two separate actions seeking to impose liability on Helicon and others relating to the issuance of municipal bonds by two Michigan charter schools. The first action was filed by Wells Fargo Advantage National Tax Free Fund, Wells Fargo Advantage Municipal bond Fund, Lord, Abbett Municipal Income Trust - Lord Abbett High Yield Municipal Bond Fund, and Pioneer Municipal High Income Advantage (collectively "the Trusts") on December 15, 2008 in this Court (Docket No. 08-15162). The second action was filed on November 10, 2009 by the Dr. Charles Drew Academy (the "Academy") in the Wayne County Circuit Court (Docket No. 09-017576-NM). In these actions, the Trusts and the Academy seek to impose liability on, *inter alia,* Helicon, the Estate of Michael J. Witucki (as former President and owner of Helicon), and Jeremy Gilliam.

Specifically, the Academy seeks to impose liability against Helicon, et. al., under eight different theories of liability: Negligence (Count II); Negligent Misrepresentation (Count III); Innocent Misrepresentation (Count IV); Breach of Fiduciary Duties of Good Faith and Care (Count V); Breach of Fiduciary Duties of Loyalty (Count VI); Breach of

---

[1]These policies include: (1) the Linebacker Public Officials and Employment Practices Liability Policy No. 1K3-93-27 issued by EMC to Helicon for the original Period of Insurance of December 16, 2007 to December 16, 2008 (the "07/08 Linebacker Policy"); (2) the Commercial Liability Umbrella Policy No. 1M3-93-27 issued by EMC to Helicon for the original Period of Insurance of December 16, 2007 to December 16, 2008 (the "07/08 Umbrella Policy"); (3) the Linebacker Public Officials and Employment Practices Liability Policy No. 1K3-93-27 issued by EMC to Helicon for the original Period of Insurance of December 16, 2008 to December 16, 2009 (the "08/09 Linebacker Policy"); and (4) the Commercial Liability Umbrella Policy No. 1M3-93-27 issued by EMC to Helicon for the original Period of Insurance of December 16, 2008 to December 16, 2009 (the "08/09 Umbrella Policy").

1

Contract (Count VII); Liability of Helicon for the Actions of its Agents/Employees (Count XI); and Liability of the Individual Defendants for the Acts of the Entity Defendants (Count XII).

EMC initiated the instant action against Helicon, the Estate of Witucki, Gilliam, the Trusts and the Academy on July 14, 2011 and allege that there exists no indemnity coverage under the insurance policies for the liability alleged against Helicon, the Estate of Witucki or Gilliam by the Trusts and the Academy in the underlying actions. EMC initiated this action, asserting diversity jurisdiction pursuant to 28 U.S.C. §1332 and jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §2201. In lieu of an answer, the Trust Defendants filed a motion seeking to dismiss EMC's complaint for lack of subject matter jurisdiction. That motion remains pending.

The Academy now seeks to dismiss or stay this declaratory judgment action, arguing that resolution of this declaratory judgment action will require this Court to make factual determinations which are duplicative of the factual determinations to be made in the Academy's underlying state court action. Subsequent to filing its motion to dismiss in this case, the Academy reached a tentative settlement of its underlying claims against Helicon, et al. While it remains EMC's understanding that a dismissal of the Academy's underlying claims against Helicon is soon to be entered in the Wayne County Circuit Court, and that a final dismissal of the Academy's underlying claims will likely resolve EMC's instant declaratory judgment complaint against the Academy, allowing EMC to dismiss the Academy from this declaratory judgment action, a final dismissal of the Academy's claims has not been entered in the state court by the time of filing this response.

Accordingly, EMC files this response and asserts its position that the Academy's motion is without merit. As is further explained below, under controlling Sixth Circuit precedent, this Court is the appropriate forum to litigate the insurance coverage issues

2

raised in EMC's complaint. Further, given that resolution of fact issues in the underlying action will not resolve the coverage determination in this action, there exists no basis for staying this action pending resolution of the Academy's underlying claims. EMC requests that this Honorable Court deny the Academy's motion.

## **ARGUMENT**

**I.      THIS COURT SHOULD EXERCISE ITS DISCRETION UNDER 28 U.S.C. §2201 TO DECIDE THIS DECLARATORY JUDGMENT ACTION.**

It is EMC's position that this Court should exercise jurisdiction in this declaratory action.

28 U.S.C. §2201 provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Pursuant to the Act, a district court is authorized, in the sound exercise of its discretion, to exercise jurisdiction "because facts bearing on the usefulness of the declaratory judgment remedy, and fitness of the case for resolution, are particularly within [its] grasp." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289; 115 S.Ct. 2137; 132 L.Ed.2d 214 (1995). The Sixth Circuit Court of Appeals has identified five factors as relevant to the question of whether a district court should exercise jurisdiction in a declaratory judgment action:

   (1) whether the declaratory action would settle the controversy;

   (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

   (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

3

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 554 (6th Cir. 2008), citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984).

Applying these factors to the instant case demonstrates that this Court should exercise jurisdiction in this declaratory action.

**A.     Settlement of the Controversy.**

The first factor to consider is whether the federal court's judgment in the declaratory judgment action would settle the controversy. The Sixth Circuit has issued two lines of authority on this issue, with one set of cases focusing on whether the declaratory action will settle the insurance coverage dispute, and a second line of cases focusing on whether the declaratory action will settle the underlying litigation. *Flowers, supra* at 554-555. However, these two lines of cases can by synthesized by considering whether the declaratory judgment action would resolve the insurance dispute without unnecessarily duplicating the proceedings or considering an issue that has been, or will be, considered by the court in the underlying action. If resolution of the underlying tort action would resolve the coverage dispute then the state court is the better forum. However, if resolution of the tort action would leave the insurance coverage action unresolved, the federal forum is appropriate. In other words, if the insurance coverage determination rests on a fact-based question of state law which will necessarily be decided by the court in the underlying action, then resolution of that issue in the tort action would resolve the coverage action, and jurisdiction in the federal court would not be warranted. However, where resolution of the coverage action does not turn on a factual issue disputed in the underlying

4

action - and therefore would leave the coverage action unresolved - the federal court's exercise of jurisdiction in the declaratory action would settle the controversy and jurisdiction in the federal court would be appropriate. *Id* at 554-555.

For example, in *Flowers,* the determinative issue in the coverage action was the legal question of whether the defendant was considered an insured under the policy of insurance, whereas the issue in the underlying tort action was whether the defendant was acting within the scope of his employment. Resolution of whether or not the defendant was acting within the scope of his employment would not have resolved the insurance coverage issue and, hence the *Flowers* Court held that this factor weighed in favor of the district court's exercise of jurisdiction in the coverage action. In contrast, in *Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807 (6th Cir. 2004), resolution of an issue in the tort action (i.e., whether the injured party was an employee) necessarily resolved the coverage action because the injured party's employment status was determinative of coverage under the insurance policy at issue (i.e., whether the plaintiff's claim was a worker's compensation claim for which there was no coverage).

As in *Flowers*, and in contrast to *Bituminous*, resolution of the underlying factual issues in the Academy's underlying action will not resolve the coverage dispute at issue in this declaratory action. At issue in the underlying action is whether Helicon/Witucki acted negligently, breached its contract with the Academy and breached its fiduciary duties to the Academy. However, the issues to be resolved in this insurance coverage action are legal issues of contractual interpretation:[2] (1) whether Helicon/Witucki's actions were based

---

[2] The determination whether an insurer is contractually obligated under its policy to defend certain claims is a question of law requiring interpretation of the insurance contract. *American Bumper & Mfg Co v. Nat'l Union Fire Ins Co,* 261 Mich. App. 367, 375; 683 NW2d 161 (2004).

5

upon or attributable to Helicon and/or Witucki gaining any personal profit or advantage to which they were not entitled; (2) whether Helicon/Witucki's actions constituted fraud or dishonesty; (3) whether Helicon/Witucki's actions were intentionally illegal; (4) whether Helicon/Witucki's acts involved Helicon's and/or Witucki's failure, refusal or inability to perform any contract or agreement; (5) whether Helicon and/or Witucki's acts were in connection with guarantees on bond issues.[3] In addition, EMC seeks a legal determination that Jeremy Gilliam is not an insured under the insurance policies because he was, at best, an independent contractor of Helicon.

Resolution of the underlying fact issues will not resolve the coverage determination - indeed, it is clear from the Academy's complaint in the underlying action that it will be pursuing negligence theories and specifically avoiding litigation of issues relating to coverage - i.e. fraud and Witucki's intent in committing the alleged wrongful acts.[4] Considering that EMC is not a party to the underlying action and the determinative coverage issues will not be resolved (indeed litigated) in the underlying tort action, a judgment from this Court in the coverage action would settle the controversy. Further, Gilliam's employment relationship with Helicon is not at issue in the underlying tort suit and, hence, can only be resolved in the coverage action. Accordingly, consideration of this first factor weighs in favor of this Court exercising jurisdiction.

---

[3] Issues (1) - (3) relate to "absolute exclusions" under the insurance policies while issues (4) - (5) are "limited defense exclusions."

[4] However, a finding of negligence in tort is not dispositive of whether the insured did not act intentionally for purposes of insurance coverage. The inquiry in determining whether there is insurance coverage is separate. It is possible for a negligent tortious act to be considered intentional for insurance coverage purposes. In determining whether an insurer has a duty to defend, the court must look beyond the mere nomenclature of the claim to the substance of the underlying tort. *Auto Club Group Ins Co v. Burchell,* 249 Mich. App. 468, 481; 642 NW2d 406 (2002). An insured cannot avoid the policy implications of an intentional act simply because a complaint refers to negligence. *Id.* at 483.

### B. Clarification of the Legal Relations at Issue.

The issue of whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue, mirrors the first factor. *Flowers, supra* at 557. "Indeed, it is almost always the case that if a declaratory judgment will settle the controversy, then it will clarify the legal relations in issue." *Id.* In the instant action, this Court's judgment in the coverage action will clarify the legal relationship between EMC and the defendants by setting parameters with respect to EMC's duty to defend and/or indemnify Helicon, Witucki and Gilliam for the liability alleged against them by the Academy and the other defendants. Moreover, judgment in this coverage action will clarify the legal relationship in a way that the underlying action cannot, considering that EMC is not a party to that action. Accordingly, this factor also weighs in favor of this Court accepting jurisdiction.

### C. Race for Res Judicata.

The third factor considers whether the declaratory action was filed merely for the purpose of "procedural fencing" or "to provide an arena for res judicata." *Flowers, supra* at 558. When the declaratory action is filed before the underlying action is filed, the concern arises that the declaratory plaintiff is attempting to beat the original plaintiff to the courthouse and find a more favorable forum. *Id*. However, "when the plaintiff has filed his claim after the state court litigation has begun, we have generally given the plaintiff 'the benefit of the doubt that no improper motive fueled the filing of [the] action." *Id*., citing *Bituminous, supra* at 814. A declaratory plaintiff is entitled to "choose the jurisdiction of federal rather than state court, a choice given by Congress," and that choice alone is "no evidence" of procedural fencing. *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n. 1 (6th Cir. 1986).

In the instant action, there simply can be no serious contention that EMC is attempting to engage in procedural fencing by filing this action in this Court considering that this coverage action was not filed until after the Academy filed its own action against Helicon, et. al. Accordingly, this factor also weighs in favor of jurisdiction in this Court.

**D. Increased Friction Between Federal and State Courts.**

The fourth factor asks this Court to consider whether accepting jurisdiction over this coverage action would increase friction between federal and state courts:

> The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed."

*Flowers, supra* at 559, quoting *Wilton,* 515 U.S. at 283. The Sixth Circuit has identified three sub-factors to consider in evaluating this factor:

(1) whether the underlying factual issues are important to an informed resolution of the case;

(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3) whether there is a close nexus underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Flowers, supra* at 560, citing *Bituminous, supra* at 814-815.

The first sub-factor focuses on whether the liability issues being determined in the underlying tort action are legally or factually distinct from the issues of policy interpretation central to the coverage action. *Id*. In the instant action, as discussed above, resolution of Helicon and Witucki's liability to the Academy will involve resolution of both legal and factual issues which are separate and distinct from issues central to the coverage action.

8

The second sub-factor focuses on whether the federal or state court is better positioned to resolve the determinative issues in the coverage action. When state law is clear, a federal court is more than capable of applying state law to the issues before it. *Flowers, supra* at 560. Moreover, "when an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court, a decision by the district court on these issues would not offend principles of comity.'" *Id.,* quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003). In the instant case, although Michigan law will apply to this coverage action, Michigan law governing contract interpretation is clear, the questions of state law are not particularly novel or complex, and this Court is more than capable of resolving the contract interpretation issues presented in this action.

The final sub-factor asks whether the coverage action implicates important state policies which should be addressed by the state court rather than the federal court. *Flowers, supra* at 561. While interpretation of a Michigan insurance contract may, in the most general sense, implicate Michigan public policy, Michigan appellate courts have provided clear guidance for this Court to follow in interpreting the policy provisions at issue here. Accordingly, this fourth factor weighs in favor of this Court exercising jurisdiction over this coverage action.

    **E.**    **Availability of Alternative Remedy.**

The final factor asks whether there is an alternative remedy to the federal coverage action which is better or more effective. *Flowers, supra* at 561. An indemnity action is not a viable alternative, considering that EMC would have to wait until liability is resolved in the underlying action before it could seek a determination of its contractual obligation to Helicon, Witucki and Gilliam. *Id.* While alternative remedies, such as filing an action in

9

state court or intervening in the underlying tort action, may exist, they are not necessarily better or more effective at resolving the coverage action. Given the clarity from Michigan appellate courts regarding principles governing contract interpretation, this Court is no less capable than a Michigan court of resolving the insurance coverage issues in this action. Moreover, the underlying action filed by Wells Fargo and the other Trust defendants remains pending (for the time being at least) in this Court. Accordingly, this factor weighs in favor of maintaining this action in this federal forum.

## II.  A STAY OF THIS DECLARATORY JUDGMENT ACTION IS NOT WARRANTED.

As evidenced by the above discussion, there exists no basis for dismissing or staying EMC's declaratory judgment action pending resolution of the Academy's underlying action. Resolution of the outstanding fact issues in the underlying action will not resolve (or even address) the coverage determination at issue in this action. Further, allowing this coverage action to proceed will clarify the legal relationship between EMC and the defendants by setting parameters with respect to EMC's duty to defend and/or indemnify Helicon, Witucki and Gilliam for the liability alleged against them by the Academy and the other defendants. Delaying a decision by this Court clarifying EMC's rights and obligations to defend and/or indemnify Helicon in the underlying action is not necessary and would work an unjust hardship on EMC who will be forced to continue to defend Helicon through trial despite having asserted its right to ask this Court to declare that EMC owes no duty to defend or indemnify Helicon, et. al., under the insurance policies at issue. Accordingly, a stay of this coverage action pending resolution of the Academy's underlying claims against Helicon, et. al., is neither warranted nor advisable.

## **CONCLUSION**

For these reasons, it is EMC's position that jurisdiction in the instant declaratory judgment act exists in this Court and there exists no reason to stay this action pending resolution of the Academy's underlying claim.  EMC requests that this Honorable Court deny the Academy's motion.

Respectfully submitted,

GARAN LUCOW MILLER, P.C.


s/ Christopher P. Jelinek
CHRISTOPHER P. JELINEK (P53543)
Attorney for Plaintiff
1000 Woodbridge
Detroit, MI 48207
(313) 446-5554
cjelinek@garanlucow.com
P53543

Dated: November 4, 2011
984169.1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2011, my assistant, Susan M. Westphal, electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Richard J. Landau, Esq.     rjlandau@rjlps.com

Michael P. Cillo, Esq.      mcillo@davisandceriani.com

and I hereby certify that on November 4, 2011, my assistant, Susan M. Westphal, mailed by United States Postal Service the foregoing document to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:

Michael J. Watza, Esq. (P38726)
Kitch Drutchas Wagner Valitutti & Sherbrook
One Woodward Ave., Suite 2400
Detroit, MI 48226-5485

s/ Christopher P. Jelinek
CHRISTOPHER P. JELINEK (P53543)
Attorney for Plaintiff
1000 Woodbridge
Detroit, MI 48207
(313) 446-5554
cjelinek@garanlucow.com
P53543

984169.1